# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS
# KANSAS CITY DIVISION

**IN THE MATTER OF:**

**NANCY JEAN KELLEY and**
**MITCHELL LEE KELLEY,**                         **CASE NO. 13-21265**

         **DEBTORS**

___

**NANCY JEAN KELLEY,**

         **Plaintiff,**

    versus                              Adv. Pro. _____

**BSI FINANCIAL and**
**U.S. BANK TRUST, NATIONAL ASSOCIATION,**
         **Defendants**

___

## COMPLAINT SEEKING DAMAGES AND INJUNCTIVE RELIEF IN CORE ADVERSARY PROCEEDING

### Introduction

1.    This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with its efforts to collect a mortgage debt deemed current by this court. Defendants' conduct involves falsely representing to the Court, Chapter 13 Trustee, and Debtors that the mortgage debt was current at the end of the bankruptcy and then immediately after discharge contending a pre-

discharge monthly obligation is owed and falsely representing to third parties that the mortgage debt was a late or delinquent. Further, despite the entry of the Court Order deeming the mortgage debt current, Defendants continues to dun and demand payment of a debt deemed current. Plaintiff seeks monetary and punitive damages, and declaratory and injunctive relief based on violations of 11 U.S.C. §§ 524 and 1328.

## Jurisdiction

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is a core proceeding in the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, and pursuant to the Order entered by the Judges of the United States District Court for the Kansas on August 1, 1984 (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

4. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. Plaintiff consents to the Bankruptcy Court entering a final order.

5. In the event this case is determined to be a non-core proceeding, the Plaintiff consents to the entry of a final order by the Bankruptcy Judge and/or this Court making Findings of Fact and Conclusions of Law for reference to the United States District Court.

6. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## Parties

7. Plaintiff is a citizen and resident of Douglas County, Kansas.

8. The Defendant BSI Financial Services, Inc. is a Pennsylvania Corporation not registered or authorized to do business in Kansas. Its corporate headquarters is located at 101 N 2nd St., Titusville, PA 16354. Its president is Robert Fix, P.O. Box 937, Richmond, IN 47375. Its statutory agent for service is Scott Schwab, Kansas Secretary of State, 120 W. 10th, Topeka, KS 66612.

9. The Defendant U.S. Bank Trust N.A. a/k/a U.S. Bank, N.A., is a nationally chartered Bank amenable to service, pursuant to F.Bky.R.Civ.P. 7004(h) by service upon Andrew Cecere, CEO, U.S. Bancorp, N.A., U.S. Bancorp, U.S. Bancorp Center, 800 Nicollet Mall, Minneapolis, MN 55402.

## Facts

10. Debtors filed a Chapter 13 on May 20, 2013.

12. The Case was confirmed on June 19, 2014.

13. At the time of filing and confirmation, Citimortgage Inc. held the mortgage debt dated July 31, 2007 (hereinafter "mortgage debt") of the debtor.

14. CitiMortgage, Inc. filed a Proof of Claim in Case No. 13-21265 on July 1, 2013. The Claim was denominated as Proof of Claim No. 5 (hereinafter "POC #5").

15. Citimortgage, Inc. claimed it was secured by a mortgage in the debtors' homestead, which is legally described as:

> Fairview Estates No. 2, Block 2, Lot 3, Lawrence, Douglas County, Kansas and which is commonly known as 1053 E. 1479 Road, Lawrence, Douglas County, Kansas (hereinafter "Property").

16. On or about January 27, 2017, CitiMortgage, Inc. transferred POC #5 to Carrington Mortgage Services, LLC (hereinafter "Carrington").

17. On or about December 1, 2017 Carrington began to transfer the servicing rights of POC #5 to US Bank Trust National Association as trustee of Igloo Series III Trust, pursuant to notice requirements of the Real Estate Procedures Settlement Act, 12 USC 2601 et seq., (hereinafter "RESPA"). Carrington informed Plaintiff to send all future payments to BSI Financial Services, Inc. as servicer US Bank Trust National Association as trustee of Igloo Series III Trust.

18. Despite transfer of servicing rights on January 1, 2018, Carrington delayed notice to the Court to June 29, 2018 when it filed notice to the Court of the transfer of claim #5 to US Bank Trust National Association as trustee of Igloo Series III Trust (hereinafter "US Bank Trust". See Doc. 110 in Main Case, 13-21265.

19. On or about January 1, 2018 BSI immediately began to send notices directly to Debtor's attorney notifying Plaintiff of a delinquency in payment(s) on the mortgage debt.

20. Before the Transfer of the Claim had been made and disclosed to the Bankruptcy Court on or about March 1, 2018, BSI as servicer for US Bank Trust demanded payment of debtors for the mortgage debt and demanded a payment of $15,012.74 for post-petition mortgage debt.

21. On July 3, 2018, the Chapter 13 Trustee gave notice that he believed the mortgage to be cured. See Doc. 118 in the Main Case, 13-21265.

22. On July 24, 2018, David V. Noyce of the Marinosci Law Group for US Bank Trust filed a doc stating (1) the Debtor(s) had paid the full amount to cure the pre-petition default on creditor's claim and (2) Debtor(s) had paid all post-petition amounts due. See 'doc' in between Docs. #118 and #119 in Main Case, 13-21265.

23. On August 6, 2018, the Court entered an Order of Discharge in the Main Case, 13-21265.

24. On September 10, 2018, Debtors' attorney pursuant to the RESPA, specifically 12 USC §2605(e), sent a Notice of Error Letter to Defendant BSI requesting a transaction history of the loan also known as a life of loan history.

25. On September 17, 2018, BSI acknowledged receipt of the Notice of Error Letter cited in ¶23 above.

26. Between August 3, 2018 and September 19, 2018, adjustments were made in the loan transaction history. Specifically, 22 entries were made in the loan transaction history transferring over $33,900 to various accounts and making 'escrow disbursements' of $28,711.17.

27. The statutory deadlines for timely payment of property taxes in Douglas County, Kansas are in May and November.

28. Between August 3, 2018 and September 19, 2018, the Defendants BSI as servicer for US Bank Trust recorded three payment from debtors $2,600.00 and applied them to February 1, 2018, July 1, 2018 and August 1, 2018.

29. On or about October 23, 2018, BSI as servicer for US Bank Trust said it needed 15 more days to respond to the September 10, 2018 Notice of Error Letter.

30. On or about November 14, 2018, BSI as servicer for US Bank Trust responded to the September 10, 2018 Notice of Error Letter stating

the attached loan transaction history demonstrated an attempt to collect a debt, when no payment was due.

31. Debtors' own records demonstrate timely payment of each month's payment due from July 1, 2018 through October 2, 2019.

32. Despite timely payments of debtors BSI as servicer for US Bank Trust have reported to Credit Reporting Agencies late and/or untimely payments for months of December, 2018, February, 2019, March, 2019 and September, 2019.

33. Plaintiff suffered financial injury and damages due to the illegal acts of Defendants.

34. The Defendants undertook actions that were a violation of the discharge of 11 USC §§524 and 1328.

35. The actions of the Defendants were purposely, intentionally, and with malice aforethought.

36. The actions of the Defendants as alleged herein constitute willful, intentional, gross and flagrant violations of the provisions of Section 524 of Title 11 of the United States Code.

37. The actions of the Defendants as alleged herein are acts in violation and contempt of the Order of Discharge entered August 6, 2018 by this Court.

38. The actions of the Defendants, despite notice of the automatic stay and discharge, enhance the seriousness of the violations

in this case and in fact require the award of substantial punitive damages in this matter.

39. Defendants have failed to implement any effective policy to assure that its collection personnel comply with either the automatic stay or the discharge injunction.

40. Defendants have failed to implement any effective procedure to review all of the defaulted files it has acquired or maintained in order to confirm that appropriate bankruptcy codes have been entered or noted where necessary or to take other affirmative steps to properly disqualify such accounts from active collection efforts.

41. Defendants have failed to implement any effective procedures to eliminate the improper contacts with consumer debtors who are involved or have been involved in bankruptcy proceedings.

42. Defendants have failed to implement any effective procedures to insure that no effort will be made to contact consumer debtors who are represented by attorneys.

43. Defendants have failed to implement any system to properly identify bankruptcy accounts notwithstanding that the fact that it knows the present system has no discernible impact on whether or not it continues collection activities.

44. The failure of the Defendants to correct the timely account for payments on a mortgage debt demonstrate gross irregularities with

its consumer credit collection systems and its recording systems are designed, upon information and belief, to prevent debtors from seeking redress through the courts due to their inability to afford and/or find competent legal counsel. The Defendants, by ignoring their obligations under the Bankruptcy Code and various Federal and State consumer protection statutes, have attempted to create for itself virtual immunity from civil liability by unlawfully collecting while paying *de minimis* dollars for the very few causes where its illegal acts are subject to affirmative debtors enforcement cases. The Defendants have essentially granted to themselves a license to push the boundaries o responsible business practices beyond their furthest limits, fully aware that relatively few, if any, consumer debtors will be able to seek appropriate legal remedies. The Plaintiff therefore alleges that these grossly negligent and intentional acts of misconduct violate fundamental notions of fairness and are procedurally and substantively unconscionable.

45. The Plaintiff has been severely agitated, annoyed, traumatized, financially damaged, emotionally damaged and has otherwise been unduly inconvenienced by the actions of the Defendants.

## FIRST CLAIM - WILLFUL VIOLATION OF DISCHARGE DECREE

46. The allegations of paragraphs 1-45 above are realleged and incorporated herein by reference as if more fully set out.

47. The actions of Defendants in this case between July 1, 2018 and October 21, 2019 in failing to properly account for timely payments of the debtor are in violation of the discharge decree of 11 USC §§524 and 1328 entered in Plaintiff's bankruptcy case, and constitute contempt of bankruptcy court orders.

48. The Plaintiff alleges the actions of the Defendants between July 1, 2018 and October 21, 2019 in failing to properly account for a timely payment constitute gross violations of the discharge injunction as set forth in 11 U.S.C. §§ 524 and 1328.

49. The conduct of the Defendants in this case has substantially frustrated the Discharge Decree entered by this Court and has caused the debtors unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code, by Contract, and by prior actions of the Defendants.

50. In order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Defendants pursuant to the provisions of 11 USC §§ 105, 524, and 1328 of the Code.

51. In order to protect debtors having filed for the protection of this Court, the Court must impose sanctions against the Defendants for their misconduct in this case.

52. As a result of the Defendants' violation of 11 U.S.C. §1328 and §105, the Defendants are liable to the Plaintiff for actual damages, punitive damages and legal fees under of Title 11 of the United States Code.

## **SECOND CLAIM - WILLFUL VIOLATION OF DISCHARGE DECREE**

53. The allegations of paragraphs 1-52 above are realleged and incorporated herein by reference as if more fully set out.

54. The actions of Defendants in this case between December 1, and January 31, 2019 in falsely and deceptively reporting Plaintiff as late on the mortgage debt are in violation of the discharge decree of 11 USC §§524 and 1328 entered in Plaintiff's bankruptcy case, and constitute contempt of bankruptcy court orders.

55. The Plaintiff allege the actions of the Defendants between December 1, and January 31, 2019 in seeking to collect fees on a debt they falsely and deceptively reported as late constitute gross violations of the discharge injunction as set forth in 11 U.S.C. §§ 524 and 1328.

56. The conduct of the Defendants in this case has substantially frustrated the Discharge Decree entered by this Court and has caused the debtors unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code, by Contract, and by prior actions of the Defendants.

57. In order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Defendants pursuant to the provisions of 11 USC §§ 105, 524, and 1328 of the Code.

58. In order to protect debtors having filed for the protection of this Court, the Court must impose sanctions against the Defendants for their misconduct in this case.

59. As a result of the Defendants' violation of 11 U.S.C. §1328 and §105, the Defendant are liable to the Plaintiff for actual damages, punitive damages and legal fees under of Title 11 of the United States Code.

## THIRD CLAIM - WILLFUL VIOLATION OF DISCHARGE DECREE

60. The allegations of paragraphs 1-59 above are realleged and incorporated herein by reference as if more fully set out.

61. The actions of Defendants in this case between March 1, 2019 and April 20, 2019 in falsely and deceptively reporting Plaintiff as late on

the mortgage debt are in violation of the discharge decree of 11 USC §§524 and 1328 entered in Plaintiff's bankruptcy case, and constitute contempt of bankruptcy court orders.

62. The Plaintiff alleges the actions of the Defendants between March 1, 2019, and April 30, 2019 in seeking to collect fees on a debt they falsely and deceptively reported as late constitute gross violations of the discharge injunction as set forth in 11 U.S.C. §§ 524 and 1328.

63. The conduct of the Defendants in this case has substantially frustrated the Discharge Decree entered by this Court and has caused the debtors unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code, by Contract, and by prior actions of the Defendants.

64. In order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Defendants pursuant to the provisions of 11 USC §§ 105, 524, and 1328 of the Code.

65. In order to protect debtors having filed for the protection of this Court, the Court must impose sanctions against the Defendants for their misconduct in this case.

66. As a result of the Defendants' violation of 11 U.S.C. §1328 and §105, the Defendant are liable to the Plaintiff for actual damages,

punitive damages and legal fees under of Title 11 of the United States Code.

## FOURTH CLAIM - WILLFUL VIOLATION OF DISCHARGE DECREE

67. The allegations of paragraphs 1-66 above are realleged and incorporated herein by reference as if more fully set out.

68. The actions of Defendants in this case between September, 1, 2019 and September 21, 2019 in falsely and deceptively reporting Plaintiff as late on the mortgage debt are in violation of the discharge decree of 11 USC §§524 and 1328 entered in Plaintiff's bankruptcy case, and constitute contempt of bankruptcy court orders.

69. The Plaintiff allege the actions of the Defendants between September, 1, 2019 and October 21, 2019 in seeking to collect fees on a debt they falsely and deceptively reported as late constitute gross violations of the discharge injunction as set forth in 11 U.S.C. §§ 524 and 1328.

70. The conduct of the Defendants in this case has substantially frustrated the Discharge Decree entered by this Court and has caused the debtors unwarranted and unnecessary time, effort and expense in

seeking to enforce rights guaranteed by the Bankruptcy Code, by Contract, and by prior actions of the Defendants.

71. In order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Defendants pursuant to the provisions of 11 USC §§ 105, 524, and 1328 of the Code.

72. In order to protect debtors having filed for the protection of this Court, the Court must impose sanctions against the Defendants for their misconduct in this case.

73. As a result of the Defendants' violation of 11 U.S.C. §1328 and §105, the Defendant are liable to the Plaintiff for actual damages, punitive damages and legal fees under of Title 11 of the United States Code.

**WHEREFORE,** the Plaintiff having set forth their claims for relief against the Defendants respectfully prays of the Court as follows:

A. That the Plaintiff have an order that any claim of the Defendants for or against Plaintiff on or before August 6, 2018 was released on or about August 6, 2018;

B. That the Plaintiff have and recover against the Defendants a sum to be determined by the Court in the form of actual damages;

C. That the Plaintiff have and recover against the Defendants a sum to be determined by the Court in the form of punitive damages;

D. That the Plaintiff have and recover against the Defendants all reasonable legal fees and expenses incurred by his attorney;

E. That the Plaintiff have such other and further relief including contempt of Court as the Court deems just and proper.

Dated this 31 October 2019.

          **JONATHAN C. BECKER,**
          **ATTORNEY AT LAW, P.A.**


    By: /s/ Jonathan C. Becker_____
       Jonathan C. Becker, #13983
       1201 Wakarusa, Ste E224
       Lawrence, KS 66049-3883
       785/842-0900
       844/231-9750
       jayhawkattorney@gmail.com
    **Attorney for Plaintiff**